UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN BEASLEY,

        Plaintiff,

v.                                      Case No. 19-C-831

CO PACH,
LT IMMERFALL, and
ANTHONY MELI,

        Defendants.

## SCREENING ORDER

Plaintiff Shawn Beasley, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $22.85. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Around 4:00 p.m. on July 17, 2018, Plaintiff alleges Correctional Officer Pach, under the direction of Lieutenant Immerfall, conducted a strip search of him. During the search, Pach allegedly told Plaintiff to bend over at the waist and spread his buttocks. Because he felt uncomfortable with bending over at the waist and spreading his buttocks, Plaintiff chose to squat

down instead and spread his buttocks. In response to Plaintiff's actions, Immerfall purportedly ordered Plaintiff to bend over at the waist and spread his buttocks and warned Plaintiff that failure to do so would result in him being tasered. Plaintiff followed Immerfall's command, and states that after standing back up, Immerfall tased him at the same time Pach and another officer tackled him, wrestling him to the ground. While the two correctional officers restrained Plaintiff, Immerfall allegedly tased him again in the back of his right leg. Once restrained with hand cuffs and leg restraints, Immerfall directed Pach to conduct an anal cavity search of Plaintiff that Pach proceeded to do. Although Plaintiff's complaint describes two searches, it appears that the second description is duplicative, describing the same events again. *See* Dkt. No. 1 at 6–8.

Plaintiff alleges that Immerfall gave false statements in his conduct reports following these events, when he reported that Plaintiff had a white object stored between his buttocks and that when Plaintiff initially squatted down he grabbed the white object with his left hand and proceeded to place it in his mouth and swallow it. Based on a strong odor of marijuana allegedly emanating from Plaintiff's mouth, Immerfall stated in his report that he believed the white object contained marijuana. Plaintiff also alleges that Immerfall covered up the false statements in his conduct report by not ordering an intoxicant test to see if in fact there was marijuana in Plaintiff's system as a result of swallowing the white object.

Regarding Security Director Anthony Meli, Plaintiff alleges that Meli contributed to Immerfall's cover up by not ordering an intoxicants test after Plaintiff swallowed the white object and by not ordering any medical care for Plaintiff in response to him swallowing an unknown object.

Plaintiff states that as a result of the defendants' actions, he suffered "major physical injury, mental injury, emotional distress, cruel and inhuman treatment, [and] cruel and unusual punishment." *Id.* at 12. Plaintiff seeks a declaratory judgment "stating defendants['] actions violated Plaintiff['s] Eighth Amendment rights," compensatory damages, and injunctive relief "stating Defendant[s] must pay Plaintiff for all psychological service[s] and mental bills" once released and be "allowed to see a[n] outside psychiatrist while in DOC prison system." *Id.* at 13.

### THE COURT'S ANALYSIS

"'The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification.'" *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004), as amended June 4, 2004 (quoting *Meriwether v. Faulkner*, 821 F.2d 408, 415 (7th Cir. 1987)). Regarding Immerfall's use of a taser, force that is used "in a good-faith effort to maintain or restore discipline" does not run afoul of the Constitution; only when it is intended "maliciously and sadistically to cause harm" does it give rise to a constitutional claim. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Plaintiff alleges that he was tased twice: once after he had complied with Immerfall's order, and then again when he was on the floor while two correctional officers attempted to restrain him. Dkt. No. 1 at 5–6. Taking the allegations in the complaint as true, which the court must do at this stage, it does not appear that Immerfall's use of the taser against Plaintiff was part of an effort to maintain or restore discipline because Plaintiff was complying with Immerfall's order at the time he was initially tased. Consequently, Plaintiff may proceed on an excessive force claim against Immerfall related to his use of the taser.

4

Turning to the body cavity search of Plaintiff, "[i]n the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are 'maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional.'" *Whitman*, 368 F.3d at 934 (quoting *Meriwether*, 821 F.2d at 418 (internal citation and quotation marks omitted)). "In other words, the search must amount to 'calculated harassment unrelated to prison needs,' with the intent to humiliate and inflict psychological pain." *Id.* (internal citations omitted). While "[t]here is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, [ ] not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

Here again, taking Plaintiff's allegations as true—that Immerfall lied in his reports when he stated he saw Plaintiff remove a white object and in fact Plaintiff did not have any contraband on his body—Plaintiff's complaint is sufficient to state a claim against Pach and Immerfall. If in fact there was no white object, then there does not appear to be any penological justification for the body cavity search of Plaintiff by Pach. Regarding Immerfall's order directing Pach to conduct the body cavity search, "a supervisor may still be personally liable for the acts of his subordinates if he 'approves of the conduct and the basis for it.'" *Backes v. Vill. of Peoria Heights, Ill.*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "'[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.'" *Id.* (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th

5

Cir. 1988)). As the search was done on Immerfall's direct order, Plaintiff has also sufficiently stated a claim against him.

Immerfall and Meli's alleged failure to order medical care for Plaintiff regarding the consumption of the white object that allegedly contained marijuana, however, did not violate Plaintiff's constitutional rights. "Deliberate indifference occurs when a defendant realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). To state a claim for deliberate indifference, an inmate must prove "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that claim." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Plaintiff does not allege that swallowing the marijuana resulted in a serious medical condition. Rather, Plaintiff only speculated that doing so could have harmed him in his complaint. Dkt. No. 1 at 12. In addition, according to Plaintiff's complaint he never swallowed a white object as that was allegedly fabricated by Immerfall in his conduct report, and thus he was not at risk of any harm. Consequently, Plaintiff's complaint does not state a claim for deliberate indifference to his medical needs.

Lastly, regarding Immerfall's alleged fabrication of conduct reports, while this may be professional misconduct, the action does not violate any constitutional right. *See Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *9 (N.D. Ill. May 14, 2003) ("[T]he plaintiff has no separate cause of action against the defendant Lang for falsifying an injury report. Lang may have engaged in professional misconduct if she fabricated documents to cover up wrongdoing committed by her fellow officers. Nevertheless, her actions did not violate any constitutional right."). In addition, Plaintiff has not alleged how, if at all, the fabricated conduct reports have harmed him or deprived him of his constitutional rights.

6

The court finds that Plaintiff may proceed on the following claims: excessive force against Immerfall related to the use of a taser and an Eighth Amendment claim against Pach related to the strip search and against Immerfall as a result of supervisory liability.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Anthony Meli is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $327.15 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  21st  day of June, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court